W. T. Brown *et al. v.* W. C. Monroe *et al.*

*(Nashville,* December Term, 1930.)

Opinion filed January 17, 1931.

Chas. L. Haile, for complainants, appellants.

J. H. Reneau, W. L. Cooper and F. E. Harris, for defendants, appellees.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

The Chancellor sustained a demurrer to the bill in this cause, filed by members of the City Board of Education of the town of Celina against the members of the County Board of Education of Clay County, seeking a decree for specific performance of a certain working agreement, or contract, between the two boards. Complaint is made of the action of the Chancellor in refusing to permit an amendment to the caption, or style, of the bill, and in refusing to strike portions of the demurrer as "speaking," etc.

The proposed amendment became immaterial, since the conclusion of the Chancellor applied to the bill whether amended as proposed or not; and, likewise, granting that sections of the demurrer were objectionable in form, the determinative ground, as stated in other parts of the demurrer, was sustained.

The decisive issue is as to the validity of the agreement in question, and particularly that provision by which the County Board purports to delegate, or transfer, to the City Board authority to elect the teachers of the County High School, being conducted under the plan in the City School building.

We are of opinion that the Chancellor rightly refused to decree specific performance of this provision. The general educational bill, chapter 115 of the Acts of 1925, controls, and while that Act (sec. 14) confers power on County boards to contract with City boards for the operation of County High Schools therein, the power to control the employment of teachers of High Schools and their branches must remain with the County Board. Al-

so by section 34, supervision by the County Superintendent is reserved, when contracts for joint operation are entered into. We are not of opinion that the County Board of Education may lawfully divest itself of control and supervision of the election of teachers.

It follows that specific performance of this contract in the particulars noted was rightly denied by the Chancellor and his decree is affirmed.